UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. ORLANDO,

      Petitioner,                                Case No. 13-15203
                                                   Honorable Thomas L. Ludington

v.

WILLIE SMITH,

      Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF
HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

John J. Orlando is incarcerated at the Carson City Correctional Facility in Carson City, Michigan. He pled no contest in the Macomb Circuit Court to operating a vehicle under the influence of intoxicating substance–causing death, manslaughter with a motor vehicle, and failure to stop at the scene of an accident. Orlando was sentenced to three concurrent terms of 9-to-15 years' imprisonment.

On December 23, 2013, Orlando filed a petition for a writ of habeas corpus. He alleges that: (1) the criminal complaint was not based on probable cause; (2) the state district and circuit courts lacked jurisdiction over his criminal case; and (3) he need not present his claims to state courts because they lack jurisdiction. But because Orlando's claims lack merit, his petition will be summarily denied. The Court will also deny Orlando a certificate of appealability and permission to proceed on appeal in forma pauperis.

**I**

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action

under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

To the extent that any of Orlando's claims are based on an alleged violation of the Fourth Amendment, he has not stated a claim for habeas relief. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494–95 (1976). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 135 N.W.2d 357, 359 (1965) (describing the availability of a pre-trial motion to suppress). The relevant inquiry under *Stone* is whether the habeas petitioner—in the abstract—had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *Good v. Berghuis*, No. 12-10243, 2012 WL 628545, at *3 (E.D. Mich. Feb. 27, 2012)). Stone "guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003). Because Orlando was provided a full and fair opportunity to present his Fourth Amendment claims in the

Michigan courts, he may not raise those claims in this habeas action.

Orlando also asserts that the criminal complaint filed against him was invalid because it was not supported by probable cause.  There is no general constitutional right to a probable cause determination before trial.  *See Gerstein v. Pugh*, 420 U.S. 103, 125 n.26 (1975); *Harris v. Neil*, 437 F.2d 63, 64 (6th Cir. 1971).  For example, a state court's failure to hold a preliminary examination to determine whether probable cause exists to try a defendant does not present a cognizable habeas claim.  *See Scott v. Bock*, 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003); *David v. Lavinge*, 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002). Second, it is an "established rule that an illegal arrest or detention does not void a subsequent conviction." *Gerstein*, 420 U.S. at 119 (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119.  Because Orlando is now incarcerated pursuant to his no contest plea conviction, he cannot challenge the preliminary procedures employed prior to his trial.

Orlando next argues that the state district and circuit courts lacked jurisdiction over his case due to errors in the charging documents.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *See Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *Daniel v. McQuiggin*, 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009).  Orlando's claim that the state courts lacked jurisdiction over his case raises an issue of state law that is not cognizable in federal habeas review.

Finally, Orlando argues that he is not required to present his habeas claims to the state courts

because they lacked jurisdiction over his case.  This claim is moot.  While normally a habeas petitioner is required to exhaust his claims in state court before presenting them on federal habeas review, a habeas court may nevertheless deny the claims on the merits despite the petitioner's failure to exhaust his state court remedies.  *See Bentley v. Bock*, 239 F. Supp. 2d 686, 691 (E.D. Mich. 2002)(citing to 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir.1991)).  That is the situation here.  Whether or not Orlando was required to exhaust his claims has no bearing on the disposition of the petition because his substantive claims are without merit.

The petition will therefore be summarily denied.

## II

The Court will also deny Orlando a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Id*. at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.  *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

The Court will deny Orlando a certificate of appealability because he has not demonstrated a substantial showing of the denial of a federal constitutional right.  *Dell v. Straub*, 194 F. Supp. 2d

-4-

629, 659 (E.D. Mich. 2002).  The Court will also deny Orlando leave to appeal in forma pauperis because any appeal would be frivolous.

### III

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**.

It is further **ORDERED** that the motion to stay the Petition, ECF No. 2, is **DENIED** as moot.

It is further **ORDERED** that a Certificate of Appealability is **DENIED**.

It is further **ORDERED** that leave to appeal in forma pauperis is **DENIED**.

Dated: February 12, 2014                                        s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon John Orlando #796762, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 by first class U.S. mail, on February 12, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS